UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Betsy Jo. Myers | : | |
| 3116 Sundial Road | : | |
| Dover, PA  17315, | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| Midland Funding, LLC | : | |
| 8875 Aero Drive Suite 200 | : | Jury Trial Demanded |
| San Diego, CA 92123 | : | |
| and | : | 13-cv-02455 |
| X,Y,Z Corporations | : | |
| Defendant | : | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. This is an action brought by a consumer for violation of alleged violations of the Fair Credit Reporting Act (FCRA), 15 USC 1681 et. seq.

2. Plaintiff is Betsy Jo. Myers, an adult individual and resident of Pennsylvania, with a mailing address of 3116 Sundial Road, Dover, PA  17315.

3. Defendants are the following.

    a. Midland Funding, LLC, 8875 Aero Drive Suite 200, San Diego, CA 92123 .

    b. X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery.  It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

4. Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania, and in this jurisdiction and obtains the benefit(s) of regularly transacting business in this jurisdiction.

5. A substantial portion of the transaction, occurrences, acts or omissions occurred near this jurisdiction.

6. Plaintiff resides in this jurisdiction.

7. Jurisdiction of this Court arises under 15 U.S.C. 1681 et. seq., and 28 U.S.C. 1337.

8. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202.

**COUNT ONE:  VIOLATION OF THE FAIR CREDIT REPORTING ACT,
15 USC 1681 et. seq.**

9. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

10. At all times mentioned herein Plaintiff was a consumer as defined by the FCRA.

11. At all times mentioned herein Defendant Midland Funding, LLC was a furnisher of information as defined by the FCRA.

12. At all times mentioned in this Complaint, Transunion, LLC ("Transunion") was a consumer reporting agency (CRA) as defined by the FCRA, 15 USC 1681a et. seq. ad 15 USC 1681b et. seq.

13. On or about May 31, 2012, Plaintiff contacted Defendant Midland Funding, LLC in writing about an alleged consumer debt for a TMobile account that Defendant had placed on Plaintiff's Transunion consumer report.  TMobile was the original alleged creditor.  Plaintiff's May 31st letter raised the following issues.

   a. The amount of the balance.
   b. Whether there was a contract to justify the balance.
   c. Whether there were supporting documents to justify the balance.

14. Despite the issues raised in Plaintiff's May 31st letter, Defendant Midland Funding, LLC did not modify, clarify, rescind or investigate the information on Plaintiff's consumer report.

15. On or about April 12, 2013, Plaintiff then disputed the account information with Transunion, LLC, a consumer reporting agency (CRA) which had the account listed on Plaintiff's consumer report.

16. Transunion then contacted Defendant Midland Funding, LLC about Plaintiff's dispute.

17. In response to Transunion's inquiry, Defendant Midland Funding, LLC then verified the derogatory information to Transunion during the approximate timeframe of May, 2013.

18. Upon information and belief, Defendant verified the derogatory information to Transunion without contacting the original alleged creditor (TMobile).

19. Upon information and belief, Defendant verified the derogatory information to Transunion without obtaining any additional documents from the original alleged creditor (TMobile) which demonstrated that Plaintiff had ever been legally responsible for the balance stated on Plaintiff's consumer report.

20. Upon information and belief, Defendant verified the derogatory information to Transunion without obtaining a copy of any written contract from the original alleged creditor (TMobile) which demonstrated that Plaintiff had ever been legally responsible for the balance stated on Plaintiff's consumer report.

21. Upon information and belief, Defendant verified the derogatory information to Transunion without obtaining any proof that Defendant was legally responsible for the amount stated on her consumer report from the original alleged creditor (TMobile).

22. Defendant verified the derogatory information to Transunion based on pure bald assertions without relying on any substantive business records.

23. Defendant's verification procedures may have been adequate under the standards imposed by the Fair Debt Collection Practices, Act (15 USC 1692g et. seq.), but not under the Fair Credit Reporting Act (15 USC 1681 et. seq.). The FCRA requires a higher standard when a furnisher verifies derogatory information to a CRA.

24. The United States Court of Appeals for the Fourth Circuit held that the FCRA requires furnisher to conduct detailed examinations of the documents underlying customer transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient but potentially incomplete or inaccurate customer account information.  See *Johnson v. MBNA America Bank*, No. 03-1235 (February 11, 2004).

25. According to the Federal Trade Commission, a furnisher must refer to original account records while investigating a dispute.  A furnisher should not be able to rely on abstract information state by the original alleged creditor.  If the furnisher does not obtain original account records, the information should be deleted.  See consent decree, U.S. v. Performance Capital Management (Bankr. C.D. Cal. Aug. 24, 2000).

26. Before verifying the derogatory information to Transunion, Defendant undertook none of the steps mentioned in the above two (2) paragraphs.

27. In determining the reasonableness of Defendant's verification procedures under the FCRA, the Court should consider the totality of the circumstances and all relevant factors concerning the history of the disputed account.

28. One factor that the Court should consider is that Plaintiff approached Defendant cautiously seeking to find out the legal justification for the balance claimed on her consumer report.  Defendant first raised her legitimate disputes with Defendant so

that Defendant had a fair opportunity to research the legal basis for the claims on Plaintiff's report(s). Plaintiff gave Defendant a fair chance to respond to her document requests before Plaintiff went to Transunion with her dispute.

29. Whether an investigation procedure is reasonable is a question of fact which should be left to a Jury with some instruction by the Court.

30. By verifying the disputed information to Transunion without conducting an adequate reasonable investigation first, and having been given fair opportunity by Plaintiff to do so, Defendant(s) violated 15 USC 1681 s-2 et. seq.

31. It is believed and averred that Defendant's failure to conduct a reasonable adequate investigation was a willful policy decision.

32. Upon information and belief, it is averred that Defendant(s) have a standard practice policy which contradicts it's duties pursuant to 15 USC 1861 s-2.

## LIABILITY

33. The previous paragraphs of this complaint are incorporated by reference.

34. At all times mentioned in this Complaint Defendant(s) is liable to for the acts committed by its / their agents, representatives or employees under the doctrines of respondeat superior and / or agency.

35. At all times mentioned in this Complaint, Defendant Midland Funding, LLC is responsible for the acts and omissions of Midland Credit Management, Inc. under the theory of joint and several liability and / or respondeat superior.

36. Plaintiff bring this action against Defendant(s) under 15 USC 1681 s-2(b), as distinguished from 15 USC 1681s-2(a).

37. There is no private cause of action under 15 USC 1681s-2(a).

38. But there is a private cause of action under 15 USC 1681s-2(b).  See the following case law which distinguishes between the government right of action under 15 USC 1681s-2(a), and the private cause of action under 15 USC 1681s-2(b).

Marshall v. Swift River Academy, LLC, 2009 WL 1112768 (9th Cir. 2009).
A consumer has no private right of action under FCRA against furnisher merely because the furnisher failed to provide accurate information to consumer reporting agencies.

Beisel v. ABN Ambro Mortgage, Inc., No. 07-2219, 2007 WL2332494, *1 (E.D. Pa. Aug. 10, 2007).
In order to prevail on a FCRA claim Plaintiff "must prove [he] notified a credit reporting agency of the dispute, the credit reporting agency then notified the furnisher of

information, and the furnisher of information failed to investigate or rectify the disputed charge.").

Catanzaro v. Experian Information Solutions, Inc., 671 F. Supp.2d 256, 260 (D. Mass. 2009).
Notification by a consumer reporting agency to the furnisher is a prerequisite for furnisher liability under FCRA.

Kaetz v. Chase Manhattan Bank, 2007 WL 1343700, *3 (M.D. Pa. 2006). The Court dismissed Plaintiff's Complaint, but only because Plaintiff failed to allege that he disputed the accuracy of the debt to a credit agency, or that the credit agency thereafter reported dispute to defendant.

39. Because Defendant(s) verified the derogatory information to the Credit Reporting Agency(ies) in a manner that was unacceptable under FCRA, Plaintiff does have a private cause of action against Defendant under these particular circumstances.

**DAMAGES**

40. The preceding paragraphs are incorporated by reference and made a part hereof.

41. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, gas, mileage, etc.

42. Plaintiff demands $1,000.00 statutory damages for violation of the FCRA, 15 USC 1681 et. seq.

43. Plaintiff suffered some distress and anger as a result of Plaintiff's rights being violated by Plaintiff and likely the rights of other consumers as well. The value of Plaintiff's emotional distress shall be proven at trial.

44. Plaintiff believes and avers that the acts committed by Defendant are willful, wanton intentional, or reckless at best. Plaintiff believes and avers that Defendant's acts are systemic. Therefore, punitive damages are warranted. Plaintiff damages should be determined by the Court.

45. For purposes of a default judgment, Plaintiff believes and avers that the value of such punitive damages should be no less than $5,000.00.

**ATTORNEY FEES**

46. The previous paragraphs of this Complaint are incorporated by reference.

47. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees of $1,750.0 at a rate of $350.00 per hour, described below.

    a. Consultation with client, review of file and drafting of dispute letters, processing disputes    1

    b. Drafting, editing, review and filing of complaint, amended complaint and related documents.    2

    c. Follow up correspondence with Defense    2

    _____

    Total = 5    $1,750.00

48. Plaintiff's attorney fees continue to accrue as the case moves forward.

## OTHER RELIEF

49. The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

50. Plaintiff requests such other relief as this court may deem just and proper.

51. Plaintiff requests and demands a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of   $7,751.00 enumerated as follows.

$1.00 actual damages

$1,000 statutory damages for FCRA violation

$1,750.00 attorney fees

$5,000 punitive damages

_____

   $7,751.00

Plaintiff also seeks costs.  Plaintiff demands a jury trial.  Plaintiff seeks such other relief as this Court deems fair and just.


/s/ Vicki Piontek                              3/17/2014
_____           _____
Vicki Piontek, Esquire                         Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax:  866-408-6735
palaw@justice.com

United States District Court
For the Middle District of Pennsylvania

| | |
|---|---|
| Betsy Jo. Myers : | |
| 3116 Sundial Road : | |
| Dover, PA 17315, : | |
|          Plaintiff : | |
| v. : | |
| : | |
| Midland Funding, LLC : | |
| 8875 Aero Drive Suite 200 : | Jury Trial Demanded |
| San Diego, CA 92123 : | |
| and : | 13-cv-02455 |
| X,Y,Z Corporations : | |
|          Defendant : | |

**CERTIFICATE OF SERVICE**

Attorney Vicki Piontek affirms that she sent by First Class U.S. Mail, postage pre-paid a true and correct copy of the attached amended complaint to the following parties at the following addresses.

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
LAUREN BURNETTE, ESQUIRE
RONALD M. METCHO , II , Esquire
JACOB U. GINSBURG, Esquire
1845 WALNUT ST. , 19TH FLOOR
PHILADELPHIA, PA 19103-4797

/s/ Vicki Piontek      3/17/2014

_____     _____
Vicki Piontek, Esquire      Date of Service
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com